UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| FRANCIS W. HOOKER, JR., for himself and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO, INC.,<br><br>    Defendant. | Case No.: 4:13-cv-3 |

## ORDER

Before the Court is the Plaintiff's Motion for Leave to File a Sur-Reply to the Defendant's Motion to Compel Arbitration filed on April 16, 2013. ECF No. 21. The Defendant filed a brief in opposition on April 23, 2013. ECF No. 24. Although the Plaintiff has not filed a reply brief, the time to do so has lapsed. Therefore, the Motion is ripe for disposition.

Unless otherwise ordered by the Court, the Local Rules prohibit a party from filing a sur-reply without first obtaining leave of Court. Local Civil Rule 7(F)(1) ("No further briefs ... may be filed without first obtaining leave of Court."). "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001) (citing *Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D. D.C. 1998)). Whether this standard has been satisfied is within the sound discretion of the Court. *See, e.g., Lamont v. Proskauer Rose, LLP*, 881 F. Supp. 2d 105, 111 n.5 (D. D.C. 2012) (citation omitted).

The Defendant argues in support of its Motion to Compel that arbitration is required

pursuant to the customer agreement the Plaintiff allegedly received in a welcome kit and to which he never objected. In his brief in opposition, the Plaintiff focuses instead on whether he or any member of his family received the kit containing the agreement so as to place at issue whether such an agreement, including its arbitration clause, would be binding on him. In reply, the Defendant submits additional evidence that the Plaintiff received the kit or at least knew of the existence of the agreement, including with its brief the supplemental declaration of Elizabeth Ruhland, concerning the process for sending welcome kits to trial subscribers, the declaration of Kavitha Ness, regarding brochures about the Defendant's services and channel lineup for inclusion in automobile glove compartments, and a copy of one of these brochures. The Plaintiff requests leave to file a sur-reply that addresses the contents of the preceding material and the Defendant's arguments related to that material and that corrects the Defendant's alleged misrepresentations.

Although the material submitted with the Defendant's reply brief was not submitted with or referenced in its brief in support, the fact remains that the Defendant used its reply brief to respond to a matter first introduced by the Plaintiff in his brief in opposition. A sur-reply would not provide the Plaintiff with his first chance to address whether he received a welcome kit containing the customer agreement or otherwise knew of the existence of the agreement; matters that are initially raised in his brief in opposition. It also would not prejudice the Plaintiff to deny him the opportunity to file a sur-reply when it was he who changed the course of the Defendant's opening brief, thereby compelling the Defendant to proffer additional evidence and argument addressing the Plaintiff's new claims. Therefore, none of the Defendant's "new" arguments is truly new to merit a sur-reply. Finally, even if the Plaintiff would like to address the Defendant's alleged misrepresentations, a sur-reply is not the appropriate pleading to accomplish this. *WW,*

*LLC v. Coffee Beanery, Ltd.*, No. WMN-05-3360, 2011 WL 5110267, at *5 (D. Md. Oct. 26, 2011).

Accordingly, the Plaintiff's Motion for Leave to File a Sur-Reply, ECF No. 21, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 8, 2013