IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| FRANCIS W. HOOKER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 4:13-cv-00003 (AWA) ) ) |
| SIRIUS XM RADIO INC., | ) ) |
| Defendant. | ) ) |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT SIRIUS XM RADIO INC.**

Defendant Sirius XM Radio Inc. ("Sirius XM"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff Francis W. Hooker, Jr. ("Plaintiff") as follows:

### I. INTRODUCTION

1. Sirius XM admits that this action is brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("TCPA"). Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 1 of the Complaint.

### II. SUBJECT MATTER JURISDICTION AND VENUE

2. Sirius XM admits that this Court has original jurisdiction over this action as one arising under the laws of the United States. Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 4 of the Complaint.

5. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

### III. PARTIES AND PERSONAL JURISDICTION

6. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Sirius XM admits the allegations contained in Paragraph 7 of the Complaint.

8. Sirius XM admits that it broadcasts music, sports, entertainment, comedy, talk, news, traffic and weather channels, as well as infotainment services, in the United States on a subscription fee basis through two proprietary satellite radio systems and also over the Internet, including through applications for mobile devices. Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 8 of the Complaint.

9. Sirius XM admits that it transacts business in various U.S. states, including Virginia. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 9 of the Complaint.

10. Sirius XM admits that it transacts business in Virginia. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 10 of the Complaint.

11. Sirius XM admits that it transacts business in Virginia. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 11 of the Complaint.

12. Sirius XM denies the allegations contained in Paragraph 12 of the Complaint.

13. The allegations set forth in Paragraph 13 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 13 of the Complaint.

14. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent in Paragraph 14 and therefore denies them.

15. Sirius XM admits that it transacts business in various U.S. states. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 15 of the Complaint.

## IV.  GENERAL OVERVIEW OF THE TCPA

16. The allegations set forth in Paragraph 16 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 16 of the Complaint.

17. The allegations set forth in Paragraph 17 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 18 of the Complaint.

19. The allegations set forth in Paragraph 19 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 19 of the Complaint.

20. The allegations set forth in Paragraph 20 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 20 of the Complaint.

21. The allegations set forth in Paragraph 21 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 21 of the Complaint.

22. The allegations set forth in Paragraph 22 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 22 of the Complaint.

## V. FACTS AS TO NAMED PLAINTIFF

23. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Sirius XM admits that Plaintiff received a trial subscription to Sirius XM. Except as specifically admitted, Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25. Sirius XM admits that Plaintiff was contacted during the course of his trial subscription regarding Sirius XM's satellite radio service. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 25 of the Complaint.

26. Sirius XM denies the allegations contained in Paragraph 26 of the Complaint.

27. Sirius XM denies the allegations contained in Paragraph 27 of the Complaint.

28. Sirius XM denies the allegations contained in Paragraph 28 of the Complaint.

29. Sirius XM denies the allegations contained in Paragraph 29 of the Complaint.

30. Sirius XM denies the allegations contained in Paragraph 30 of the Complaint.

31. Sirius XM denies the allegations contained in Paragraph 31 of the Complaint.

32. Sirius XM denies the allegations contained in Paragraph 32 of the Complaint.

33. Sirius XM denies the allegations contained in Paragraph 33 of the Complaint.

34. Sirius XM denies the allegations contained in Paragraph 34 of the Complaint.

35. Sirius XM denies the allegations contained in Paragraph 35 of the Complaint.

36. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37. Sirius XM denies the allegations contained in Paragraph 37 of the Complaint.

38. Sirius XM denies the allegations contained in Paragraph 38 of the Complaint.

39. Sirius XM denies the allegations contained in Paragraph 39 of the Complaint.

40. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41. Sirius XM denies the allegations contained in Paragraph 41 of the Complaint.

42. Sirius XM admits that any call made to Plaintiff regarding Sirius XM's satellite radio service was not for an emergency purpose. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 42 of the Complaint.

43. Sirius XM denies the allegations contained in Paragraph 43 of the Complaint.

44. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45. Sirius XM denies the allegations contained in Paragraph 45 of the Complaint.

46. Sirius XM admits that Plaintiff was contacted during the course of his trial subscription regarding Sirius XM's satellite radio service. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 46 of the Complaint.

47. Sirius XM denies the allegations contained in Paragraph 47 of the Complaint.

48. Sirius XM denies the allegations contained in Paragraph 48 of the Complaint.

49. The allegations set forth in Paragraph 49 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 49 of the Complaint.

50. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52. Sirius XM admits that Plaintiff received a trial subscription to Sirius XM. Except as specifically admitted, Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55. Sirius XM denies the allegations contained in Paragraph 55 of the Complaint.

56. Sirius XM admits that Plaintiff was contacted during the course of his trial subscription regarding Sirius XM's satellite radio service. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 56 of the Complaint.

57. The allegations set forth in Paragraph 57 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 57 of the Complaint.

58. The allegations set forth in Paragraph 58 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 58 of the Complaint.

59. The allegations set forth in Paragraph 59 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 59 of the Complaint.

## VI.  CLAIM FOR RELIEF

### COUNT ONE

### Telephone Consumer Protection Act. 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3)

### Automatic Telephone Dialing System

60.  Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1-59 as if set forth fully herein.

61.  Sirius XM admits that Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23, and that the class he seeks to certify is described in Paragraph 61 of the Complaint.  Sirius XM denies that the class alleged is proper or can be certified.

62.  Sirius XM admits that Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23, and that the class he seeks to certify is described in Paragraph 62 of the Complaint.  Sirius XM denies that the class alleged is proper or can be certified.

63.  The allegations set forth in the first sentence of Paragraph 63 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in this sentence.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 63 and therefore denies them.

64.  The allegations set forth in Paragraph 64 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraphs 64(a)-(f).

65.  The allegations set forth in Paragraph 65 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 65.

66. The allegations set forth in Paragraph 66 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 66.

67. The allegations set forth in Paragraph 67 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 67.

68. Sirius XM denies the allegations contained in Paragraph 68 of the Complaint.

69. The allegations set forth in Paragraph 69 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 69 of the Complaint.

70. The allegations set forth in Paragraph 70 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 70 of the Complaint.

71. Sirius XM admits that Plaintiff seeks, on behalf of himself and the alleged class, injunctive relief. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 71 of the Complaint.

## COUNT TWO

### Telephone Consumer Protection Act. 47 U.S.C. §§ 227(c)(5)(A)(iii) and 47 C.F.R. § 64.1200(c) and (e)

### Telephone Solicitation Calls to Residential and Wireless Telephone Numbers

72. Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1-71 as if set forth fully herein.

73. Sirius XM admits that Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23, and that the class he seeks to certify is described in Paragraph 73 of the Complaint. Sirius XM denies that the class alleged is proper or can be certified.

74. Sirius XM admits that Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23, and that the class he seeks to certify is described in Paragraph 74 of the Complaint. Sirius XM denies that the class alleged is proper or can be certified.

75. The allegations set forth in the first sentence of Paragraph 75 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in this sentence. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 75 and therefore denies them.

76. The allegations set forth in Paragraph 76 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraphs 76(a)-(g).

77. The allegations set forth in Paragraph 77 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 77.

78. The allegations set forth in Paragraph 78 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 78.

79. The allegations set forth in Paragraph 79 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 79.

80. Sirius XM denies the allegations contained in Paragraph 80 of the Complaint.

81. The allegations set forth in Paragraph 81 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 81 of the Complaint.

82. The allegations set forth in Paragraph 82 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Sirius XM denies the allegations contained in Paragraph 82 of the Complaint.

83. Sirius XM admits that Plaintiff seeks, on behalf of himself and the alleged class, injunctive relief. Except as specifically admitted, Sirius XM denies the allegations in Paragraph 83 of the Complaint.

## VII. DEMAND FOR PRESERVATION

84. No response required.

85. No response required.

### Incorporation of Paragraphs Into Other Paragraphs

86. Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1-85 as if set forth fully herein.

### PRAYER FOR RELIEF

To the extent a response is required to Plaintiff's prayer for relief, Sirius XM denies that Plaintiff is entitled to the relief he seeks.

### ADDITIONAL DEFENSES

Sirius XM sets forth below its additional defenses. Each additional defense is asserted as to all claims against Sirius XM. By setting forth these defenses, Sirius XM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendants reserve the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

As separate and distinct defenses, Sirius XM alleges as follows:

**First Additional Defense**

**(Failure to State a Claim)**

Plaintiff fails to state a claim upon which relief may be granted.

**Second Additional Defense**

**(Arbitration)**

Plaintiff's claims are subject to binding arbitration on an individual basis.

**Third Additional Defense**

**(Class Action Waiver)**

Plaintiff's claims are subject to a class action waiver.

**Fourth Additional Defense**

**(Failure to Satisfy Rule 23)**

Plaintiff fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action.

**Fifth Additional Defense**

**(Consent)**

Sirius XM cannot be liable under the TCPA where Plaintiff or any member of the putative class consented to receive autodialed calls on their cell phones by providing their cell phone numbers to Sirius XM or in any other manner. 47 U.S.C. § 227(b)(1); FCC Declaratory Ruling, 71 FR 24634, ¶ 9 (Jan. 4, 2008). This defense is asserted in the alternative to the argument that lack of consent is an element of a TCPA claim.

**Sixth Additional Defense**

**(No Charge for the Call)**

The alleged claims are barred with respect to Plaintiff and the putative class members to the extent that they incurred no additional charge for the calls allegedly received in violation of the TCPA.

**Seventh Additional Defense**

**(Vicarious Liability)**

The alleged claims are barred to the extent that they seek to hold Sirius XM liable for calls it did not make.

**Eighth Additional Defense**

**(Free Speech)**

Finding Sirius XM liable for calling recipients who wished to receive the calls or did not object to receiving the calls would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions.

**Ninth Additional Defense**

**(Due Process)**

Awarding statutory damages to a class under the TCPA would violate the Fifth Amendment and Eighth Amendment of the United States Constitution and similar provisions of various state constitutions.

**Tenth Additional Defense**

**(Unconstitutionally Vague and Overbroad)**

The TCPA is unconstitutionally vague and overbroad with respect to the definition of "automatic telephone dialing system."

**JURY DEMAND**

Defendants demand pursuant to Federal Rule of Civil Procedure 38 a trial by jury of all issues in this action triable by right by a jury.

Dated: September 6, 2013

Respectfully submitted,

/s/ William V. O'Reilly
William V. O'Reilly (VA Bar No. 26249)
Jeffrey A. McSorley (VA Bar No. 68437)
Attorneys for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamsorley@jonesday.com

Thomas Demitrack (admitted pro hac vice)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

## CERTIFICATE OF SERVICE

I certify that on September 6, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants:

Christopher Colt North, Esq.
William L. Downing, Esq.
Attorneys for Plaintiff
THE CONSUMER & EMPLOYEE
RIGHTS LAW FIRM, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Tel: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

/s/ William V. O'Reilly
William V. O'Reilly (VA Bar. No. 26249)
Jeffrey A. McSorley (VA Bar. No. 68437)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday.com