IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| FRANCIS W. HOOKER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:13-cv-00003 <br> ) (AWA/LRL) |
| SIRIUS XM RADIO INC., | ) |
| Defendant. | ) |

## MOTION TO STRIKE CLASS ALLEGATIONS

Pursuant to Federal Rule of Civil Procedure 23 and the Court's Rule 16(b) Scheduling Order (Dkt. No. 33),[1] Defendant Sirius XM Radio Inc. ("Sirius XM") hereby move this Court for an Order dismissing with prejudice Plaintiff Francis W. Hooker, Jr's class allegations under the Telephone Consumer Protection Act ("TCPA").  Plaintiff, who denies that he received Sirius XM's Customer Agreement and therefore argues that he is not bound by it, seeks to represent persons who are bound by agreements with Sirius XM—which include arbitration clauses and/or forum selection clauses as well as clauses requiring the parties to attempt to resolve disputes informally prior to initiating any formal proceedings.  Plaintiff's interests are not aligned with the interests of the classes he seeks to represent and he therefore is not an adequate class representative under Rule 23(a)(4).

Additionally, similar to the inquiry the Court engaged in when addressing Sirius XM's motion to compel arbitration of Plaintiff's individual claims, a person-by-person, individualized inquiry will be necessary to identify any persons who (like Plaintiff) claim that they are not

---

[1] The parties agreed, and the Scheduling Order reflects, that certain class certification issues were appropriately addressed in an early motion to strike, and this Motion is filed as set forth in that Scheduling Order.

bound by the Customer Agreement. Plaintiff therefore cannot satisfy Rule 23(b)(3) because determining whether a person is bound by Sirius XM's Customer Agreement requires a fact-specific, highly individualized inquiry that, by definition, is not subject to common or generalized proof. For these reasons, and those set forth in Sirius XM's memorandum of law submitted in support of this motion, the Court should grant Sirius XM's motion.

Dated: December 16, 2013                Respectfully submitted,

/s/ William V. O'Reilly
William V. O'Reilly (VA Bar. No. 26249)
Jeffrey A. McSorley (VA Bar. No. 68437)
Attorneys for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday.com

Thomas Demitrack (admitted pro hac vice)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

**CERTIFICATE OF SERVICE**

I certify that on December 16, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants:

Christopher Colt North, Esq.
William L. Downing, Esq.
Attorneys for Plaintiff
THE CONSUMER & EMPLOYEE
RIGHTS LAW FIRM, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Tel: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

/s/ William V. O'Reilly
William V. O'Reilly (VA Bar. No. 26249)
Jeffrey A. McSorley (VA Bar. No. 68437)
Attorneys for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday.com