## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| **FRANCIS W. HOOKER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 4:13-cv-00003 (AWA-** |
| **v.** ) | **LRL)** |
| ) | |
| **SIRIUS XM RADIO INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Francis W. Hooker, Jr ("Plaintiff"), and Defendant Sirius XM Radio Inc. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant and/or credit, personal and other confidential information belonging to Defendant and/or other confidential information of Plaintiff.

THEREFORE, this Court orders as follows:

1.      This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2.    Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3.    A party wishing to designate portions of a deposition transcript CONFIDENTIAL or CONFIDENTIAL-AEO pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-AEO, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. In the event that a witness makes changes to his or her deposition testimony pursuant to Fed. R. Civ. P. 30(e), any party wishing to make designations of CONFIDENTIAL or CONFIDENTIAL-AEO as to any changed deposition testimony may do so by serving a Notice of the designation and the change to which it relates in the manner set forth above within fourteen (14) calendar days after its counsel receives

- 2 -

a copy of the witness' statement listing the changes and the reasons for making them. All transcripts and all witness statements listing the changes and reasons therefore will be treated as CONFIDENTIAL-AEO MATERIAL until the expiration of the respective periods described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the discovery, and/or the preparation and trial of this action in accordance with this Order.

5.      The Parties agree that CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

6.      Subject to paragraph 10, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation as well as any

outside vendors who perform tasks related to this case, such as document vendors or trial graphic vendors; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency, governmental office, or other person formally requesting such information or documents by subpoena or civil investigative demand ("CID"), with notice provided to the designating party within three (3) days of the receipt of the request and no fewer than fourteen (14) days before disclosure or production—unless the designating party files a motion to quash within ten (10) days of receiving notice of the request, in which case the party who received the request will hold onto to the materials pending resolution of the motion to quash; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7.      Subject to paragraph 10, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.   All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.

8.      No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 6 and

for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

9.      Subject to paragraph 10, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than attorneys of record in this case, and those attorneys' support staff employees who perform work tasks related to this case, or as provided in paragraphs 6(iii) and (v) of this Order. All persons to whom CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.   No person receiving or reviewing CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than attorneys of record in this case, and those attorneys' support staff employees who perform work tasks related to this case, or as provided in paragraphs 6(iii) and (v) of this Order and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL-AEO MATERIALS.

10.     A designation of confidentiality may be challenged upon motion by any party, provided such party first tries in good faith to resolve the disagreement informally. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the information to have such protection. The receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on any motions challenging the designating party's confidentiality designations.

11.     Subject to paragraph 10, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the

designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within five (5) days thereafter shall file a supporting memorandum that complies with the requirements of Local Rule 5(C). The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

12. The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rule of Evidence 502 and the associated case law. Upon notice by the designating party that Protected Material was produced or disclosed, all recipients of the Protected Material shall promptly return, sequester, or destroy the Protected Material and any copies it has and shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court. *See* Fed. R. Civ. P. 26(b)(5)(B).

13.     A producing party that fails to designate CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS at the time of its production shall be entitled to make a corrected designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS, appropriate designated. Upon receipt of the appropriately designated materials, the receiving party shall certify that the original and all copies of the mis-designated document have been destroyed. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

14.     Subject to paragraph 10, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS as provided in this Order). The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification that the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court), have been destroyed.

15.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

17.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

18.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

19.     Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

IT IS SO ORDERED.

_____
United States District / Magistrate Judge

Dated: _____

- 8 -

WE ASK FOR THIS:

*WILLIAM L. DOWNING*

_____
Christopher Colt North, Esq.
VA Bar. No. 16955
William L. Downing, Esq.
VA Bar. No. 17704
Attorneys for Plaintiff
THE CONSUMER & EMPLOYEE
RIGHTS LAW FIRM, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Tel: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

Michael A. Caddell (*pro hac vice*)
Cynthia B. Chapman (*pro hac vice*)
Craig C. Marchiando (*pro hac vice*)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston, TX 77010
Tel: (713) 751-0400
Fax: (713) 751-0906

_____
William V. O'Reilly
VA Bar. No. 26249
Jeffrey A. McSorley
VA Bar. No. 68437
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday

Thomas Demitrack (admitted pro hac vice)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

|  |  |
|---|---|
| FRANCIS W. HOOKER, JR., | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| SIRIUS XM RADIO INC., | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

**Civil Action No. 4:13-cv-00003 (AWA-LRL)**

## DECLARATION OF _____ UNDER
## STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____

_____.

4.      I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5.      I will comply with all of the provisions of the Protective Order.  I will hold all Confidential or Confidential-AEO Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential or Confidential-AEO Material disclosed to me for any purposes other than this case.

6.      I will return all Confidential or Confidential-AEO Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____