FILED
SEP 25 2015
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FRANCIS W. HOOKER, JR., *for himself and on behalf of all similarly situated individuals*,
    Plaintiff,

v.

SIRIUS XM RADIO, INC.,
    Defendant.

Civil Action No. 4:13cv3

## ORDER

Before the Court is a Motion to Stay (ECF No. 128) filed by Defendant Sirius XM Radio, Inc. ("Sirius"), and a Motion to Extend Class Certification Deadline and for Status Conference (ECF No. 125) filed by Plaintiff. For the following reasons, the Motion to Stay is DENIED, and the Motion to Extend Class Certification Deadline and for Status Conference is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The initial Complaint in this case was filed nearly three years ago. This case has a long history of extensions and delays. In February 2014, the parties filed a Joint Motion for Extension of time to File Motion for Class Certification and to Amend the Scheduling Order (ECF No. 47) and a Joint Motion to Stay Pending Resolution of Motion to Strike Class Allegations (ECF No. 45). This Court granted the motion to stay. ECF No. 49. In June 2014, the Court issued an Order regarding the Motion to Strike Class Allegations and lifted the stay. ECF No. 56. Shortly thereafter, more requests for extensions were filed.

On June 26, 2014, the parties filed a Joint Motion for Extension of Time to File Joint Proposed Trial Schedule (ECF No. 57). The Court granted this motion. The Agreed Scheduling

Order was submitted by the parties in July 2014 and filed in August 2014. The parties committed to the date of October 1, 2014 as Plaintiff's deadline for amending the Complaint. Agreed Scheduling Order at 1 (ECF No. 67). The parties committed to the date of October 15, 2014 as the deadline for Defendant to add parties or amend pleadings. *Id.* The Court accepted this generous schedule proposed by the parties, and granted this extended schedule.

The parties requested more extensions in November 2014. This Court again granted the parties' request, extending deadlines for expert reports from December 1, 2014 to February 2, 2015, and extending the deadline for rebuttal expert reports from January 15, 2015 to March 16, 2015. The Court also extended the deadline for the close of discovery and three other deadlines.

Four business days before the new expert report deadline, the parties filed another Motion to Enlarge Deadlines in the Case. Counsel sought six weeks of additional time regarding the deadline for expert reports, and requested that this Court enlarge other applicable deadlines by over a month as well. The Court granted this request in part, allowing for an extension for expert reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C), but also noted that "requests regarding extension of all other deadlines are DENIED." Jan. 30, 2015 Order at 3 (ECF No. 78).

Plaintiff's Motion for Class Certification was due on June 1, 2015. On that day, the parties filed motions seeking to stay the pending deadlines in this case and seeking to amend the Complaint and Answer to "clarify" the parties' positions. The Court denied the motion to amend the pleadings, but granted the motion to stay the case pending resolution of a motion to transfer that was before the Judicial Panel on Multidistrict Litigation. ECF No. 123. The Court noted that because "Plaintiff [] missed the deadline of June 1, 2015 to comply with the Court's Order to file a Motion for Class Certification[,]" should this case remain under this Court's jurisdiction

after the stay is lifted, and if Plaintiff still seeks class certification, "Plaintiff will be required to show good cause for granting leave to file an untimely motion regarding the issue of class certification." *Id.*

Subsequently, the Judicial Panel on Multidistrict Litigation denied the motion to transfer this case to a proposed multidistrict litigation proceeding. Plaintiff filed the instant Motion to Extend the Class Certification Deadline, alleging good cause. Defendant filed the instant Motion to Stay.

## APPLICABLE LEGAL PRINCIPLES

**Motion to Stay**

"The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). As such, the denial of a motion to stay is reviewed for abuse of discretion. *Id.* "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "'The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

A district court should consider three factors in determining whether a stay is warranted: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015).

**Motion to Extend Deadline**

"In order to ensure efficient case management [] Rule 16(b) requires the district court to issue scheduling orders which, among other deadlines, 'must limit the time to . . . amend the pleadings, complete discovery, and file motions[.]'" *Stanley v. Huntington Nat. Bank*, 492 F. App'x 456, 461 (4th Cir. 2012) (citations omitted). Federal Rule of Civil Procedure 16 permits modifying a Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence." *McAfee v. Boczar*, No. 3:11CV646, 2012 WL 2499420, at *2 (E.D. Va. June 27, 2012) (citation omitted). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." E.D. Va. Loc. Civ. R. 16(B). "The parties and their counsel are bound by the dates specified in [Rule 16(b)] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause." E.D. Va. Loc. Civ. R. 16(B).

## ANALYSIS

**Motion to Stay**

Sirius argues that this case should be stayed. In support, Sirius notes that the Federal Communications Commission issued an order in July 2015 ("FCC July 2015 Order"). The FCC July 2015 Order is over 100 pages and resolved approximately twelve issues. One of those issues is relevant to the instant proceeding. Sirius and several other parties petitioned for review of the FCC July 2015 Order in the United States Court of Appeals for the D.C. Circuit. Sirius requests that this Court stay this case until after the D.C. Circuit has an opportunity to review and issue a written opinion on the FCC July 2015 Order. Sirius argues that a stay is warranted

4

because proceeding further in the case would be a "waste of time" if the D.C. Circuit rules on the relevant issue and rules in favor of Defendant.

Defendant also relied partly on the "primary jurisdiction doctrine." *See* Def. Mem. Supp. Mot. Stay at 4-5. The doctrine of primary jurisdiction applies where a claim is originally cognizable in the courts but "enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956). "[I]n such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." *Id.*

"No fixed formula exists for applying the doctrine of primary jurisdiction." *Id.* Deferral to an agency determination is appropriate for (1) "the promotion of consistency and uniformity within the areas of regulation," and (2) "the use of agency expertise in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion." *Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 938 (8th Cir. 2005). The doctrine "is to be invoked sparingly, as it often results in added expense and delay." *Id.*

Plaintiff opposes the motion to stay, asserting that an indefinite stay is unwarranted for several reasons. First, discovery in this action is complete, and the stay could last years, as the FCC July 2015 Order is complex. Second, most other district courts to address the issue have denied similar motions. *See, e.g., Loebenstein v. Chase Bank*, No. CIV.A. 15-745 PGS DE, 2015 WL 4478136, at *4 (D.N.J. July 22, 2015) (denying motion to stay because "[d]efendant's grounds for staying this action are no longer pertinent and there is no benefit to be garnered from staying this action because the relevant Petitions have been addressed by the FCC"); *Hofer v. Synchrony Bank*, No. 4:14 CV 1865 CDP, 2015 WL 2374696, at *2 (E.D. Mo. May 18, 2015) ("The interests of consistency and uniformity are better served by allowing this case to proceed

based on the prior interpretations of the FCC that have been consistently applied by the courts, rather than postponing this case for an indefinite amount of time because the possibility that the FCC may decide to reconsider its past position."). Third, whether the D.C. Circuit will address the issue relevant to this case is unknown. Fourth, even if the D.C. Circuit addresses the pertinent issue, there is no indication that such ruling would be retroactively applicable. Fifth, under Defendant's rationale, this matter could be prolonged further because Defendant could petition for review from the United States Supreme Court if the D.C. Circuit affirms the FCC July 2015 Order.

The Court concludes that Plaintiff's arguments are well-taken. The primary jurisdiction doctrine is not properly invoked here, because this case does not involve the use of agency expertise in cases raising issues of fact not within the conventional experience of judges, nor does it require the exercise of administrative discretion. *See Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 938 (8th Cir. 2005); *Cf. King v. Time Warner Cable*, No. 14 CIV. 2018 AKH, 2015 WL 4103689, at *3 (S.D.N.Y. July 7, 2015) (concluding that the "[p]rimary jurisdiction" "was not properly invoked").

The "interests of judicial economy" do not favor a stay in this case solely because Defendant is challenging an FCC order that may later prove persuasive in this case. Defendant has not demonstrated "hardship and equity" if the action is not stayed. There is no evidence that the D.C. Circuit will issue a ruling on the FCC July 2015 Order that sufficiently addresses the specific issue relevant in this case. There is also no evidence or compelling argument that such a ruling would apply retroactively to Defendant's conduct. Defendant asserts that not granting a stay would cause a "waste of time," but the Court concludes that granting the stay would likely be a greater waste of time. *Cf. White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va.

6

2013) (holding that "interests of judicial economy did not weigh in favor of granting a stay, to await a Supreme Court decision on mootness in the context of collective actions under the Fair Labor Standards Act (FLSA)").

The Court also concludes that the disruption in the delay and the prejudice to Plaintiff would be great. Due to the heightened speculative nature of Defendant's assertion regarding a possible ruling in its favor from the D.C. Circuit, the number of issues presented to the D.C. Circuit, and the number of defendants involved with the FCC July 2015 Order, it could take a significant amount of time before the D.C. Circuit issues a ruling on the FCC July 2015 Order. The prejudice to Plaintiff would be great.

For the foregoing reasons, this Court is compelled to conclude that an indefinite stay is not warranted. Defendant's Motion to Stay (ECF No. 128) is DENIED.

**Motion to Extend Deadline**

Plaintiff missed its June 1, 2015 deadline to file a Motion for Class Certification. This deadline had already been extended. Plaintiff asserts that it was precluded from filing the Motion due to impediments arising from filing a Joint Motion to Stay with the Defendant. Plaintiff provided email documentation supporting the various impediments. Plaintiff also seeks a status conference to apologize to the Court for missing the deadline.

Defendant asserted that it opposes this motion, but provided no reasons for opposing the motion other than arguing that the case should be stayed instead.[1] The Court has denied

---

[1] Plaintiff later submitted email documentation purporting to convey Defendant's position. While the Court reviewed this documentation, it declined to take judicial notice of the same. "Under Rule 201 of the Federal Rules of Evidence, a trial court may take judicial notice of facts on its own accord and must take judicial notice of facts 'if a party requests it and the court is supplied with the necessary information.'" *Loftus v. F.D.I.C.*, 989 F. Supp. 2d 483, 489 (D.S.C. 2013) (citing Fed. R. Evid. 201(c)). "Rule 201 applies only to adjudicative facts, which 'are simply the facts of the particular case.'" *Id.* (citation omitted). "The consequences of a court taking judicial notice are significant" and could "yield unforeseen repercussions later in the litigation." *Id.* at 490.

Defendant's Motion for a Stay, and concludes that Plaintiff has presented good cause for extending the deadline for filing a Motion for Class Certification.

Plaintiff filed its Motion for Extension on August 17, 2015, and represented that it would be prepared to file the Motion for Class Certification four days later on August 21, 2015. ECF No. 125. That date has since passed. The Court therefore extends Plaintiff's deadline for filing a Motion for Class Certification to four days from the date of entry of this Order. The Court denies the request for a status conference.[2]

## CONCLUSION

Defendant's Motion to Stay (ECF No. 128) is **DENIED**. Plaintiff's Motion to Extend Class Certification Deadline and for Status Conference (ECF No. 125) is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff shall file its Motion for Class Certification no later than four days after the date of the entry of this Order. Plaintiff's request for a status conference is **DENIED**.

**IT IS SO ORDERED.**

_____
/s/
Arenda L. Wright Allen
United States District Judge

September 25, 2015
Newport News, Virginia

---

[2] In a footnote, Plaintiff also asserted that it would like to use the status conference as an opportunity to ask the Court to reconsider its prior order denying a Joint Motion to Amend the Pleadings as untimely. Pl. Mem. Supp. Mot. Extend at 5 n.3. Defendant also asserted that it would like to be heard on the Motion to Stay at a status conference. The Court concludes that a status conference for these purposes is unwarranted.