**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **FRANCIS W. HOOKER, JR.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 4:13-cv-00003 (AWA)** |
| **v.** ) | |
| ) | |
| **SIRIUS XM RADIO INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF SIRIUS XM RADIO INC.'S**
**<u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF THE FACTS ............................................................................................... 2

ARGUMENT ........................................................................................................................... 3

       A.      Plaintiff's Individual Claims are Moot. ....................................................... 4

       B.      Plaintiff's Class-Action Allegations Do Not Save His Moot Claims
              From Dismissal. ......................................................................................... 6

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

Page

CASES

Baxter v. Palmigiano,
    425 U.S. 308 (1976).................................................................................................6

Campbell-Ewald Co. v. Gomez,
    No. 14-857 (U.S. Jan. 16, 2015), 2015 WL 241891 .................................................2

Deposit Guar. Nat'l Bank v. Roper,
    445 U.S. 326 (1980).................................................................................................6

Genesis Healthcare Corp. v. Symczyk,
    133 S. Ct. 1523 (2013)..................................................................................... passim

Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC,
    No. 13-13553, 2014 WL 354674 (E.D. Mich. Jan. 31, 2014) ..................................8

Kremens v. Bartley,
    431 U.S. 119 (1977).................................................................................................6

Masters v. Wells Fargo Bank S. Cent., N.A.,
    No. A-12-CA-376-SS, 2013 WL 3713492 (W.D. Tex. July 11, 2013)....................8

Matarese v. Archstone Communities, LLC,
    468 F. App'x 283 (4th Cir. 2012) ...........................................................................5

O'Shea v. Littleton,
    414 U.S. 488 (1974).................................................................................................6

Simmons v. United Mortg. & Loan Inv., LLC,
    634 F.3d 754 (4th Cir. 2011) ...................................................................................4

Sosna v. Iowa,
    419 U.S. 393 (1975).................................................................................................6

U.S. ex rel. Vuyyuru v. Jadhav,
    555 F.3d 337 (4th Cir. 2009) ...................................................................................4

Warren v. Sessoms & Rogers, P.A.,
    676 F.3d 365 (4th Cir. 2012) ...............................................................................4, 5

*Zimmerman v. Bell*,
    800 F.2d 386 (4th Cir. 1986) ...............................................................................................4

STATUTES

28 U.S.C § 2072(b) ...............................................................................................................6

47 U.S.C. § 227(b)(3) ...........................................................................................................5

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1)........................................................................................................4

Fed. R. Civ. P. 12(h)(3)........................................................................................................4

## PRELIMINARY STATEMENT

In a recent Rule 68 offer of judgment, Defendant Sirius XM Radio Inc. ("Sirius XM") offered Plaintiff everything he could possibly recover if he litigated his claims all the way to trial and won a total victory, and then some.  Plaintiff seeks statutory damages under the Telephone Consumer Protection Act of 1991 ("TCPA"), which he acknowledges are capped at $1,500 per call.  Sirius XM offered him $10,521, more than the $10,500 maximum recovery he could seek based on the seven calls in the record that allegedly violated the TCPA.  When Plaintiff refused, Sirius XM deposited the funds in an escrow account for the benefit of Mr. Hooker, which Mr. Hooker will receive if he accepts the Offer of Judgment.  Declaration of Jeffrey McSorley ¶¶ 5-6 (Oct. 27, 2015) ("McSorley Dec.").  Sirius XM also has offered to pay Plaintiff the costs recoverable under the TCPA, and has consented to the entry of an injunction barring Sirius XM from calling Plaintiff or his wife or causing a third party to do the same.  Sirius XM thus has given Plaintiff everything he could possibly recover in this action.  Under settled Fourth Circuit law—which holds that an unaccepted Rule 68 offer or settlement offer that provides complete relief suffices to moot the case—Plaintiff's claims must be dismissed.

Moreover, the mere presence of class-action allegations in the Complaint does not prevent the case from becoming moot.  As the Supreme Court has recently explained in a closely related context, before a grant of class certification, a plaintiff has "no personal interest in representing putative, unnamed [class members], nor any other continuing interest that would preserve h[is] suit from mootness," after Sirius XM's offer mooted his individual claim.  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013).  It is settled that until a class is *certified*, it has no separate legal status—before certification, class-action allegations are simply unproven allegations that do not bestow any substantive right on the Plaintiff.  Therefore, "[a] straightforward application of well-settled mootness principles" dictates that the mere presence

of class allegations "cannot save the suit from mootness once the individual claim is satisfied." *Id.* at 1529.

Additionally, the Supreme Court will soon rule on these very issues.  In a TCPA case that was argued on October 14, 2015, the Court will consider "[w]hether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and "[w]hether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified."  Petition for Writ of Certiorari at *i, *Campbell-Ewald Co. v. Gomez*, No. 14-857 (U.S. Jan. 16, 2015), 2015 WL 241891.  Should the Court wish to resolve this dispositive, threshold motion with the benefit of the Supreme Court's forthcoming ruling, a short stay would be appropriate.

For these reasons, Plaintiff's claims are moot, and this case must be dismissed.

## STATEMENT OF THE FACTS

Sirius XM is a satellite radio service that currently broadcasts more than 150 channels of commercial-free music, sports, news, talk, entertainment, traffic, and weather to approximately 29 million subscribers.  Plaintiff alleges that after he purchased a new car with a Sirius XM subscription, Sirius XM violated the Telephone Consumer Protection Act of 1991 by causing third parties to call Plaintiff's cellular phone through the use of an automatic telephone dialing system and after 9:00 pm Eastern Time.  Compl., Dkt. No. 1, ¶¶ 41, 43, 47, 58, 69-70, 81-82.  He pleads two causes of action under the TCPA, each of which seek a minimum of $500 and a maximum of $1,500 in statutory damages per violation.  *Id.* ¶¶ 70, 82.  Plaintiff also seeks "injunctive relief prohibiting Defendant's violations of the TCPA in the future."  *Id.* ¶¶ 71, 83. Plaintiff acknowledges that the TCPA does not provide for attorney's fees.  *Id.* ¶ 67.  Plaintiff

seeks to represent a class of certain individuals that received phone calls made on Sirius XM's

behalf, and seeks identical relief on behalf of the proposed class members. *Id.* ¶¶ 60-83.

On September 29, 2015, Sirius XM served an offer of judgment pursuant to Rule 68 on

Plaintiff's counsel that would have provided Plaintiff with everything he could possibly receive

for his claims if he were victorious in this litigation. McSorley Dec. Exhibit A ("Rule 68 Offer")

at 1-2. The record in the case reflects that Plaintiff allegedly received four calls on his cell phone

and three calls after 9:00 pm, Eastern Time, made on behalf of Sirius XM. *Id.* ¶ 2. Accordingly,

the maximum statutory damages award that Plaintiff could recover if successful would be

$10,500 (*i.e.*, $1,500 x 7). Compl. ¶¶ 70, 82. Sirius XM's Rule 68 offer of judgment offered

Plaintiff $10,521. Rule 68 Offer ¶¶ 1-2. Additionally, Sirius XM offered to pay all reasonable

costs properly available under the TCPA. *Id.* ¶ 3. Sirius XM further offered to allow the Court

to enter an injunction prohibiting Sirius XM from ever calling or having calls made on its behalf

to Plaintiff or his wife again. *Id.* ¶ 4, Ex. 1. This offer provided Plaintiff with everything he

could possibly recover if he litigated his claims and secured victory at trial.

Nonetheless, Plaintiff rejected the offer. Plaintiff's counsel informed counsel for Sirius

XM that Plaintiff "has no interest in a settlement that does not provide relief to the" proposed,

uncertified class. McSorley Dec. Ex. B (E-mail from Michael A. Caddell to William V. O'Reilly

et al. (Oct. 11, 2015)).

Subsequently, Sirius XM deposited the funds in an escrow account for the benefit of Mr.

Hooker, which Mr. Hooker will receive if he accepts the Offer of Judgment. McSorley Dec. ¶¶

5-6.

## ARGUMENT

Under Article III of the Constitution, "an actual controversy must be extant at all stages

of review, not merely at the time the complaint is filed." *Genesis Healthcare*, 133 S. Ct. at 1528

(internal quotation marks omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (internal quotation marks omitted). A plaintiff bears the burden of proving the existence of subject-matter jurisdiction by a preponderance of the evidence. *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Under Rule 12(b)(1), a complaint must be dismissed for "lack of subject-matter jurisdiction," FED. R. CIV. P. 12(b)(1), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," *id.* 12(h)(3).

Sirius XM's Rule 68 Offer and subsequent deposit of the funds in escrow, which gave Plaintiff everything he could possibly recover in this litigation, mooted his individual claims. Moreover, the mere fact that Plaintiff hopes to represent a proposed, uncertified class cannot save this case from dismissal.

### A.    Plaintiff's Individual Claims are Moot.

It is settled in the Fourth Circuit that a Rule 68 offer for complete relief, even if unaccepted, will moot the plaintiff's claim. As the Fourth Circuit has explained, "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citation and internal quotation marks omitted). Even if the plaintiff rejects the offer, her claims will nonetheless be rendered moot. *See Zimmerman v. Bell*, 800 F.2d 386, 388, 390 (4th Cir. 1986). Moreover, "because the doctrine of mootness is . . . not constrained by the formalities of Rule 68," any settlement offer that provides the plaintiff "full relief" will suffice to moot a plaintiff's claims. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) (internal quotation marks omitted).

Sirius XM's Rule 68 offer and subsequent deposit of the funds in escrow "unequivocally offer[ed] plaintiff all of the relief [he] sought to obtain." *Warren*, 676 F.3d at 371 (internal quotation marks omitted). There is no uncertainty as to Plaintiff's maximum recovery—even assuming he could prove liability. He seeks and would be entitled only to statutory damages, which he acknowledges are capped by the TCPA at $1,500 per call, Compl. ¶¶ 70, 82; *accord* 47 U.S.C. § 227(b)(3). Sirius XM offered Plaintiff more than this amount. Rule 68 Offer at ¶¶ 1-2. Sirius XM also offered to pay Plaintiff the reasonable costs that are properly available under the TCPA. *Id.* ¶ 3. Plaintiff acknowledges that the TCPA does not provide for attorney's fees, Compl. ¶ 67, and he does not seek them as part of the relief on his individual claims. Compl. ¶¶ 70, 82. Thus, by offering plaintiff everything he could possibly recover at trial, Sirius XM "unequivocally offer[ed]" Plaintiff full relief. *Warren*, 676 F.3d at 371.

Sirius XM's offer also provided Plaintiff with all of the injunctive relief he could have obtained. Plaintiff's requested injunctions merely seek to require Sirius XM to obey the TCPA. *See* Compl. ¶¶ 71, 83 (seeking "injunctive relief prohibiting Defendant's violations of the TCPA in the future."). Even assuming such injunctive relief was available—and it is not, *see, e.g.*, *Matarese v. Archstone Communities, LLC,* 468 F. App'x 283, 284-85 (4th Cir. 2012) (vacating injunction requiring defendant "to do nothing more than follow the law it is already required to follow")—Sirius XM offered Plaintiff even more. Specifically, Sirius XM offered to submit to an injunction prohibiting it "from calling [Plaintiff and his wife], or having calls made on Sirius XM's behalf to either of them." Rule 68 Offer Ex. 1 at 2. This injunction would have ceased not only calls allegedly prohibited by the TCPA, but *all* calls from or on behalf of Sirius XM to the Plaintiff and his wife. An offer of such an injunction or the lack of any basis to believe that the plaintiff would be called again suffices to moot a claim for injunctive relief in a TCPA case.

Therefore, Plaintiff was offered all of the injunctive relief than he possibly could have obtained by litigating his claims through to trial.

In sum, if Plaintiff were to prevail in this litigation he would not get anything more than what Sirius XM has already offered.  His claims are moot, and this case should be dismissed.

**B.  Plaintiff's Class-Action Allegations Do Not Save His Moot Claims From Dismissal.**

Rule 23, which authorizes class actions, does not in any way provide plaintiffs with substantive rights or expand the jurisdiction of the federal courts beyond the limitations set by Article III.  *See* 28 U.S.C § 2072(b) (Federal Rules of Civil Procedure do not "enlarge or modify any substantive right").  Rather, "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980).  It is settled that until a class is *certified*, it has no separate legal status. *See, e.g.*, *Baxter v. Palmigiano*, 425 U.S. 308, 310 n.1 (1976); *Sosna v. Iowa*, 419 U.S. 393, 399 (1975).  For that reason, "only a 'properly *certified*' class . . . may succeed to the adversary position of a named representative whose claim becomes moot." *Kremens v. Bartley*, 431 U.S. 119, 132-33 (1977) (quoting *Board of School Comm'rs v. Jacobs*, 420 U.S. 128, 130 (1975)) (emphasis added).  "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

For these reasons, the Supreme Court recently held in the closely related context of a Fair Labor Standards Act collective action that once a plaintiff had been offered full relief, the case was no longer justiciable despite the presence of "collective-action allegations in [the plaintiff's] complaint." *Genesis Healthcare*, 133 S. Ct. at 1529.  Since no other claimants had yet opted into the plaintiff's suit, it "became moot when her individual claim become moot, because she lacked

any personal interest in representing others in this action." *Id.* The Court emphasized that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.* In so holding, the Supreme Court discussed and drew from Rule 23 case law. *See id.* at 1529-32. There is no reason to view *Genesis Healthcare* as limited to collective actions.

Like the plaintiff in *Genesis Healthcare*, the Plaintiff here has "no personal interest in representing putative, unnamed [class members], nor any other continuing interest that would preserve h[is] suit from mootness," after Sirius XM's offer rendered his individual claims moot. *Id.* at 1532. Here, as in *Genesis Healthcare*, "[a] straightforward application of well-settled mootness principles" dictates that the mere presence of class allegations "cannot save the suit from mootness once the individual claim is satisfied." *Genesis Healthcare*, 133 S. Ct. at 1529.

Plaintiff's claims do not fit within the few narrow exceptions to the mootness doctrine. First, "where a named plaintiff's claim is 'inherently transitory,' and becomes moot prior to certification, a motion for certification may 'relate back' to the filing of the complaint." *Genesis Healthcare*, 133 S. Ct. at 1528 n.2 (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991)). This exception has always "focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Id.* at 1531. It applies in limited circumstances such as where a plaintiff seeks "to bring a class action challenging the constitutionality of temporary pretrial detentions" that would end prior to the resolution of a plaintiff's claim. *Id.* But as with the claim based on the defendant's pay practices for meal breaks in *Genesis Healthcare*, there is nothing "fleeting" about the alleged violation here. The claim "cannot evade review" and would "remain[] live until it is settled, judicially resolved, or barred by a statute of limitations." *Id.* Even if Plaintiff's claim is moot, others who wish to

bring claims "remain free to vindicate their rights in their own suits." *Id.* Thus, Sirius XM's conduct is not "inherently transitory," and this narrow mootness exception does not apply.

Second, the Supreme Court has allowed appellate review and reversal of district court decisions denying class certification after the plaintiff's claims become moot. *See id.* at 1528 n.2, 1530, 1532. Yet, the Supreme Court has limited this exception to situations in which the plaintiff's claims become moot *after* class certification is denied, and that order is subsequently appealed. *Id.* at 1530-31. This exception is inapplicable because Plaintiff's claims became moot on September 29, 2015—well before any decision will be rendered on his motion for class certification—and Plaintiff is not seeking to appeal a denial of class certification.

For these reasons, courts have applied *Genesis Healthcare* to putative class actions such as this one in which the defendant's offer of complete relief renders the plaintiff's claims moot prior to any class being certified. *See Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *6 (W.D. Tex. July 11, 2013) (dismissing putative TCPA class action as moot after Rule 68 offer of complete relief); *Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC*, No. 13-13553, 2014 WL 354674, at *6 (E.D. Mich. Jan. 31, 2014) (commercial lending case).

Furthermore, the Supreme Court will soon consider these very issues in *Campbell-Ewald Co. v. Gomez*, 14-857 (U.S.), which was argued on October 14, 2015. Should the Court wish to rule on the instant motion with the benefit of the Supreme Court's forthcoming ruling on these threshold issues, a short stay of the case would be appropriate.

Alternatively, the Court should grant Sirius XM's motion to dismiss now, based on the arguments set forth above. Sirius XM has offered Plaintiff more than he could possibly recover

in this case.  Under settled Fourth Circuit precedent, his claims are therefore moot.  And the mere presence of class-action allegations does not alter that result.

## CONCLUSION

For the foregoing reasons, Sirius XM's motion to dismiss should be granted.

Dated:    October 27, 2015                    Respectfully submitted,


/s/ William V. O'Reilly_____
William V. O'Reilly (VA Bar No. 26249)
Jeffrey A. McSorley (VA Bar No. 68437)
Attorneys for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday.com

Thomas Demitrack (admitted pro hac vice)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

Lee A. Armstrong (admitted pro hac vice)
Attorney for Defendant Sirius XM Radio Inc.
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com

# CERTIFICATE OF SERVICE

I certify that on October 27, 2015, a copy of the foregoing was filed electronically with

the Clerk of Court using the ECF system, which will send notification to the following ECF

participants:

Christopher Colt North, Esq.
William L. Downing, Esq.
Attorneys for Plaintiff
THE CONSUMER & EMPLOYEE
RIGHTS LAW FIRM, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Tel: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Attorneys for Plaintiff
CADDELL & CHAPMAN
1331 Lamar St., Suite 1070
Houston, TX 77010
Tel: (713) 751-0400
Fax: (713) 751-0906
Email: mac@caddellchapman.com
Email: cbc@caddellchapman.com
Email: ccm@caddellchapman.com

Seyed Abbas Kazerounian, Esq.
Attorney for Plaintiff
KAZEROUNI LAW GROUP APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
Email: ak@kazig.com

/s/ William V. O'Reilly
William V. O'Reilly (VA Bar. No.  26249)
Jeffrey A. McSorley (VA Bar. No. 68437)
Attorneys for Defendant Sirius XM Radio Inc.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: woreilly@jonesday.com
Email: jamcsorley@jonesday.com