UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**FRANCIS W. HOOKER, JR.,**
for himself and on behalf of all
similarly situated individuals,

    **Plaintiff,**

v.

**SIRIUS XM RADIO INC.**

    **Defendant.**

Case No.: 4:13-cv-00003 (AWA/LRL)

## [PROPOSED] PRELIMINARY APPROVAL ORDER

The parties to the Settlement Agreement entered into on August 5, 2016 (the "Settlement Agreement") between Plaintiff Francis W. Hooker, Jr. and Defendant Sirius XM Radio Inc. ("Sirius XM") in this action (the "Action"), as well as between Sirius XM and Plaintiffs Erik Knutson, Yefim Elikman, and Anthony Parker in the related cases *Knutson v. Sirius XM Radio Inc.*, No. 12-cv-0418-AJB-DHB (S.D. Cal.) ("*Knutson*"); *Elikman v. Sirius XM Radio Inc.*, No. 15-cv-02093 (N.D. Ill.) ("*Elikman*"); and *Parker v. Sirius XM Radio Inc.*, No. 15-cv-01710-JSM-EAJ (M.D. Fla.) ("*Parker*") (together, the "Litigation"), having applied for an order approving the proposed settlement of the Litigation in accordance with the Settlement Agreement, and the Court having read and considered the Settlement Agreement and accompanying documents; and the parties having consented to the entry of this Order,

**IT IS HEREBY ORDERED** that:

    1. In addition to the terms defined in this Order, the Court incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. All proceedings in the Action, other than proceedings necessary to carry out the Settlement Agreement, are stayed until further order. This stay shall remain in effect until one of the following events occurs: (i) the Effective Date as defined in Section 15.d of the Settlement Agreement; or (ii) one of the Parties terminates the Settlement Agreement pursuant to the terms of the Settlement Agreement. Class Members are enjoined from proceeding with any claims against any Released Person that fall within the scope of the release defined in Section 5 of the Settlement Agreement.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of effectuating the Settlement only, the following Settlement Class is certified:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who (a) received programming on a promotional basis from Sirius XM in connection with the purchase or lease of a new or used vehicle that ended no later than April 5, 2016; (b) were the recipients of one or more telephone calls made by or on behalf of Sirius XM to their wireless, cell or mobile phone numbers after February 15, 2008 and before July 5, 2016; and (c) never were or became paying subscribers prior to July 5, 2016. Excluded from the class definition are any employees, officers, or directors of Sirius XM, and any attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

5. Solely for the purposes of the settlement, the Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (iv) the Class Representatives will fairly and adequately represent the interests of the

Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (vi) certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court hereby appoints Michael A. Caddell and Cynthia B. Chapman of Caddell & Chapman; Christopher Colt North and William L. Downing of The Consumer and Employee Rights Law Firm, P.C.; Abbas Kazerounian of the Kazerouni Law Group APC, Joshua Swigart of Hyde & Swigart; Myles McGuire of McGuire Law, P.C., and Michael J. McMorrow of McMorrow Law, P.C. as Class Counsel, having preliminarily determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

7. Plaintiff Francis W. Hooker, Jr. and plaintiffs in the related cases Eric Knutson, Yefim Elikman, and Anthony Parker are hereby preliminarily appointed Class Representatives, solely for the purposes of effectuating the Settlement.

8. The Court preliminarily finds that (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations, including mediation in front of an experienced mediator; (ii) the proposed settlement was concluded after counsel for all Parties had conducted adequate investigation; and (iii) the terms of the proposed settlement are sufficiently fair, reasonable, and adequate to warrant sending the individual and publication Notice in the form attached as Exhibits B & C to the Settlement Agreement ("Notice") and holding a hearing regarding final approval of the proposed settlement. Accordingly, the Court grants preliminary approval of the settlement.

9. The Court approves, in form and substance, the Notice. The form and method of notice specified in the Settlement Agreement is the best notice practicable and shall constitute due notice of the Final Approval Hearing and the pendency of the Litigation to all persons entitled to receive notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

10. The Court further approves appointment of Epiq Systems ("Epiq") as the Settlement Administrator and Escrow Agent.

11. The Court orders that, on or before _____ [10 days after entry of this Preliminary Approval Order], Sirius XM shall cause notice pursuant to 28 U.S.C. § 1715 ("CAFA Notice") to be sent to federal and state officials.

12. The Court further orders that, on or before _____ [30 days after entry of this Preliminary Approval Order], Epiq shall cause the Individual Notice to be distributed to Settlement Class Members as set forth in the Settlement Agreement. Further, on or before _____ [45 days after entry of this Preliminary Approval Order], the Settlement Administrator shall publicize the Settlement via internet and social media advertising, in a manner deemed appropriate by the Settlement Administrator, using the advertisements attached as Exhibit C to the Settlement Agreement, and including at least Google search advertisements and Facebook advertisements.

13. All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund. In no event shall Sirius XM bear any responsibility for such fees, costs, or expenses.

14. At least 36 days after commencement of Notice to Class Members, Class Counsel shall cause to be served and filed a sworn statement from Epiq attesting to compliance with the notice provisions in Section 10 of the Settlement Agreement.

15. Class Counsel's Motion, on behalf of all Class Counsel for attorney's fees, costs and expenses, and on behalf of the Class Representatives for service awards, as set forth in the Settlement Agreement, shall be filed by _____ [10 days before the Final Approval Hearing].

16. Plaintiffs' Motion for Final Approval of Class Action Settlement shall be filed by _____ [10 days before the Final Approval Hearing].

17. Any Settlement Class Member who objects to any aspect of the settlement, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Final Approval Hearing and present evidence or argument provided the Settlement Class Member files with the Court and serves upon Class Counsel and Sirius XM's counsel, by _____ [24 days

4

before the Final Approval Hearing], an objection that (i) sets forth the Settlement Class Member's full name, current address, email address and telephone number, as well as the name, address, email address and telephone number of all attorneys representing the objector; (ii) identifies the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contains the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) states that the Settlement Class Member objects to the Settlement, in whole or in part; (v) sets forth a statement of the legal and factual basis for the Objection; (vi) includes a list of all cases, by name and case number, in which the objector and/or his or her counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and (vii) provides copies of any documents that the Settlement Class Member wishes to submit in support of his or her position.

18. Any Class Member who does not submit a timely Objection in complete accordance with this procedure ordered by the Court shall not be treated as having filed a valid Objection to the Settlement and shall lack standing and forever be barred from raising any objection to the Settlement and from seeking any adjudication or review of the Settlement by appeal or otherwise.

19. Plaintiff's and Sirius XM's respective Replies, if any, to any Settlement Class Members' comments or objections shall be filed by _____ [10 days before the Final Approval Hearing].

20. Any objections to Attorney's Fees may be supplemented by filing with the Court and delivery to Class Counsel no later than seven (7) days after filing of Class Counsel's Motion for Attorney's Fees.

21. Any Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance in the *Hooker* Case, provide copies of any exhibits or other documents that the Class Member intends to present or use as evidence at the hearing, provide a list of all witnesses that the Class Member intends to call to give evidence at the hearing, take all other actions or make

any additional submissions as may be ordered by the Court, and mail or hand-deliver any notice and any such exhibits, lists or other documents to Class Counsel and Sirius XM's counsel as provided in the individual or publication notices such that receipt of same by Class Counsel and Sirius XM's counsel has occurred no later than fourteen (14) days prior to the Final Approval Hearing.  Any Class Member who wishes to appear at the Final Approval Hearing must provide dates at least seven (7) days in advance of the Final Approval Hearing when the Class Member will be available for a deposition. Failure by an objector to make himself or herself available for a deposition may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so.  Any Class Member who fails to comply with the procedure in this Order, the individual or publication notices, and any other order by the Court, shall be barred from appearing at the Final Approval Hearing.

22. A hearing will be held on _____ [at least 100 days after entry of this Preliminary Approval Order] at _____ [a.m./p.m.] in Courtroom _____ of this Courthouse before the undersigned, to consider (i) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Class Members should be bound by the release in the Settlement Agreement; (iv) the amount of Class Counsel Fees and Expenses to be awarded; (v) the amount of any service award to the Class Representatives; and (vi) any other matter that may be relevant to the settlement ("Final Approval Hearing"). The foregoing date, time, and place of the Final Approval Hearing shall be listed in the Notice, but shall be subject to change by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's website. The Court reserves the right to approve the settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Class.

23. Any Settlement Class Member who wishes to be excluded from the settlement must send the Settlement Administrator a letter postmarked by _____, [24 days before the Final Approval Hearing] that: (i) states his or her full name and address; (ii) contains the cellular telephone number as to which he or she seeks exclusion; (iii) contains the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Litigation; and (iv) states in plain English and unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

24. The Court may, for good cause, extend any of the deadlines in this Order without notice to Members of the Settlement Class.

25. Sirius XM has denied wrongdoing or liability in connection with the allegations in the Litigation. As such, nothing in the Settlement Agreement constitutes an admission by Sirius XM as to the merits of the allegations made in the Litigation, the validity of any defenses that could be or have been asserted by Sirius XM, or the appropriateness of the certification of any class other than the Settlement Class under Federal Rule of Civil Procedure 23 for purposes of effectuating the Settlement only.

26. If the Settlement Agreement is terminated, the Settlement Agreement shall be void, except as expressly provided in the Settlement Agreement.

27. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Dated: _____     _____
                                                                        U.S. DISTRICT JUDGE