# EXHIBIT B

Case 4:13-cv-00003-AWA-LRL   Document 186-9   Filed 08/05/16   Page 1 of 7 PageID# 3949

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**FRANCIS W. HOOKER, JR.,**
for himself and on behalf of all
similarly situated individuals,

    **Plaintiff,**

v.

Case No.: 4:13-cv-00003 (AWA/LRL)

**SIRIUS XM RADIO INC.**

    **Defendant.**

## DECLARATION OF CHRISTOPHER C. NORTH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

I, Christopher C. North, hereby declare the following:

1. My name is Christopher C. North. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

### The Consumer & Employee Rights Law Firm, P.C.

2. I am one of the attorneys working on behalf of the Plaintiff Hooker and the Class in the above-styled litigation. I am an attorney and principal of the law firm of The Consumer & Employee Rights Law Firm, P.C., ("TC&ERLF") a two-attorney law firm with offices located at 751-A Thimble Shoals Boulevard, Newport News, VA 23606. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

3. Since 1977, I have been and currently am a member in good standing of the Bar of the highest court of the Commonwealth of Virginia, where I regularly practice law. I have also been admitted to practice before other federal courts including Pennsylvania, Illinois, North Carolina, Florida and Wisconsin. I have never been denied admission *pro hac vice*.

4. Since 2008, my practice has been focused on class action consumer litigation, usually involving the interplay between employment law and the Fair Credit Reporting Act. I have also represented plaintiffs in actions under the Telephone Consumer Protection Act. Previously my practice focused primarily on employment law since 1992. Prior to that I was a general practitioner working for small to medium size firms throughout Hampton Roads.

5. I have lectured to lawyers on employment law topics at least 18 times over the past 18 years, including presentations on the relationship between the Fair Credit Reporting Act and employment law.

### The Consumer & Employee Rights Law Firm, P.C.'s Class Action Experience

6. I have substantial experience in complex litigation, including class action cases, prosecuted under the Fair Credit Reporting Act. This is my first class action under the TCPA.

7. I have been counsel of record on a number of FCRA class actions, and in each the Court found me to be adequate class counsel.

8. For example, the attorneys of TC&ERLF and I have litigated the following class cases to a successful conclusion: *Williams v. LexisNexis Risk Management*, 3:06-CV-241 (E.D. Va.); *Beverly v. Wal-Mart Stores, Inc.*, 3:07-CV-469 (E.D. Va.); *Anderson v. Signix, Inc., No. 3:08-CV-570 (E.D. Va.); Reardon v. Closetmaid*, No. 2:08-cv-1730 (W.D. Pa.); *Smith v. Talecris Biotherapeutics, Inc.*, No. 1:09-CV-153 (M.D.N.C. July 7, 2010); *Daily v. NCO Financial*, No. 3:09-CV-31-JAG (E.D. Va.); *Black v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502 (M.D. Fla.); *Ryals v. HireRight Solutions, Inc.*, 3:09-CV-625 (E.D. Va.); *Henderson v. Verifications Inc.*, No. 3:11-CV-514 (E.D. Va.); *Pitt v. K-Mart Corp*, 3:11-CV-697 (E.D. Va.); *Marcum v. Dolgencorp*, 3:12cv108 (E.D.Va.); *Wyatt v. SunTrust Bank*, 3:13CV662 (E.D.Va.), *Henderson, et al. v. Acxiom Risk Management, Inc., et al.*, 3:12cv589 (E.D. Va.); *Henderson, et al. v.*

*Backgroundchecks.com*, 3:13cv29 (E.D. Va); *Henderson, et al v. First Advantage Background Services Corp.*, 3:14cv221, (E.D. Va.); *Manuel v. Wells Fargo Bank, N.A.*, 3:14cv238 (E.D. Va.); *Smith v. Staley, Inc.*, 3:08cv284 (Knoxville, TN).

9. I have also been counsel of record in the following case that is pending final approval with this Court: *Ryals v. Strategic Screening Solutions, Inc., et al.*, 3:14cv643 (E.D. Va.).

10. I am also actively litigating two class actions in this Court: *Thomas v. FTS USA, LLC, et al*, 3:13cv825 (E.D. Va.) (at the preliminary approval stage) and *Costa v. Family Dollar Stores of Virginia, Inc., et al.*, 3:14cv731 (E.D. Va.).

11. My law partner, William L. Downing, is also working on behalf of the class in this litigation. He is an attorney with more than 37 years of experience. He is licensed to practice law in Virginia. In addition to Mr. Downing's skill and acumen in legal research and writing, his knowledge of the TCPA has been a key component of this case. He was largely responsible for the early successes in defending against Defendant's Motion to Compel Arbitration (Dkt. #11) and Defendant's Motion to Strike Class Allegations (Dkt. # 34), without which this case would not have been successful.

12. Stephanie Miner, a paralegal with 12 years of litigation experience has been with my firm since 2003.

13. The other counsel representing the Plaintiffs are also well-known as experienced in class action litigation. By co-counseling with Caddell & Chapman in the representation of Plaintiff Hooker, and later cooperating and joining forces with experienced counsel representing the other plaintiffs in similar cases against Defendant, we have been able to allocate the necessary resources to the appropriate tasks in drafting the complaint, legal research, discovery,

document and discovery management, client contact, class administration, motions practice, scheduling and administrative tasks, brief writing, communication with opposing counsel, communication and coordination with the Court, and mediation preparation and mediation itself.

### Work Accomplished In Arriving At The Settlement

14. This case was filed on January 4, 2013, although the undersigned counsel initially met with Mr. Hooker in early 2012. The undersigned counsel or Mr. Downing were generally in contact with Mr. Hooker monthly or bi-monthly between the time when Mr. Hooker initially reached out to the undersigned through the present day.

15. Plaintiff's counsel successfully defended against both a Motion to Compel Arbitration and a Motion to Strike Class Allegations.

16. The Parties engaged in extensive discovery and third-party discovery, including numerous interrogatories and requests for admission, the production and review of almost 100,000 pages of documents, the deposition of Mr. Hooker and his wife, the deposition of two representatives of Defendant, document production from and the depositions of Sirius XM's five calling vendors, and the depositions of each side's expert.

17. Mr. Hooker rejected Defendant's efforts to bring this matter to a premature conclusion by means of a Rule 68 Offer of Judgment limited to Mr. Hooker's individual claim. Thereafter, Defendant filed and the parties fully briefed a Motion to Dismiss premised on Hooker's rejection of that offer. Defendant's motion is still pending.

18. Plaintiff filed and the Parties fully briefed a Motion for Class Certification. Plaintiff's motion is still pending.

19. On April 4-5, 2016, the Parties, including counsel for the plaintiffs in the related cases against Defendant, engaged in two days of mediation in Oakland, California, under the

direction of Randall W. Wulff, an experienced and well-respected private mediator, who has mediated a number of large class-action cases. The mediation concluded with a Memorandum of Understanding regarding a settlement. Since that time, the parties have engaged in a continuous dialogue that has resulted in the finalized settlement agreement for which the Parties now seek preliminary approval.

20. This proposed settlement will resolve the TCPA claims of approximately 12 million consumers to whom Sirius XM placed telemarketing calls in an effort to convert them from recipients of promotional complimentary satellite radio programming to paying subscribers. In exchange for a release of their claims, Class Members will receive, at their option, three months of free access to Sirius XM's "Select" service (which has a current retail price of $15.99 per month plus applicable fees and taxes) or their pro-rata share of a $35 million fund, after the payment of notice and administrative costs, service awards, attorney's fees, costs, and other expenses. The settlement agreement requires that a claim be filed to select the cash option. The in-kind relief requires only that class members who do not choose the cash option provide certain information necessary to verify their status as a class member and to facilitate activation of the free service.

21. The proposed settlement also provides that Plaintiffs will request from the Court, and that Defendant will not oppose, service awards of $10,000 for Mr. Hooker and $2,500 for the remaining named Plaintiffs, and an attorney's fee award not to exceed the lesser of thirty (30) percent of the value of the settlement or $20 million, plus expenses. Both the service award and the attorney's fee provisions were negotiated only after an agreement as to the class claims was reached.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct, this 19th day of July, 2016.

_____
Christopher C. North